IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DERRICK D. KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-049 |
| | ) | (Formerly CR 109-073) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner Derrick D. King, an inmate at USP Atlanta in Atlanta, Georgia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

**I.     BACKGROUND**

On June 4, 2009, the grand jury in the Southern District of Georgia charged Petitioner and nine co-defendants in a thirty-two count indictment that also included a forfeiture allegation. United States v. King, CR 109-073, doc. no. 3 (S.D. Ga. June 4, 2009) (hereinafter "CR 109-073"). The indictment named Petitioner in Count One, Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine and a quantity of Cocaine Hydrochloride, in violation of 21 U.S.C. § 841(a)(1), in Count Twenty-One, Possession with

Intent to Distribute 50 grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), in Count Twenty-Four, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c), and in County Thirty-Two, Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). Id.

On October 18, 2012, Petitioner, represented by appointed attorney J. Edward Enoch, Jr., pled guilty to a lesser included offense of Count One, Conspiracy to Possess with Intent to Distribute Cocaine Hydrochloride and 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846. Id., doc. nos. 277, 287-88.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category at VI, and Guideline imprisonment range at 188 to 235 months. PSI ¶ 34, 49, 67. Petitioner was found to be a career offender under U.S.S.G. § 4B1.1(a) because he was at least eighteen years old at the time of the offense of conviction; his offense conviction was a felony controlled substance offense, and Petitioner had at least two prior convictions either for a crime of violence or a controlled substance offense. PSI ¶ 32. The statutory maximum term of imprisonment for conviction of the lesser included offense of Count One was forty years. 21 U.S.C. §§ 846 and 841(b)(1)(B); PSI ¶ 66.

On April 13, 2010, United States District Judge J. Randal Hall sentenced Petitioner to 220 months imprisonment. Id., doc. no. 331. Judgment was entered on April 15, 2010. Id. Petitioner filed a direct appeal, with his counsel filing a brief pursuant to Anders v. State of California, 386 U.S. 738 (1967), and the Eleventh Circuit affirmed his conviction on February 4, 2011. Id., doc. no. 379. Subsequent to entry of judgment, the government

moved for a sentence reduction under Rule 35 and 18 U.S.C. § 3553(e), which resulted in Judge Hall lowering Petitioner's sentence on May 13, 2011, from 220 months imprisonment to 198 months imprisonment. Id., doc. nos. 381, 386. After receiving that reduction, Petitioner was denied a sentence reduction motioned by the Court under 18 U.S.C. § 3582(c)(2) for retroactive revisions to the Sentencing Guidelines due to his career offender status. Id., doc. no. 412.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that the ruling in Johnson entitles him to a lesser sentence. Petitioner does not contend he was sentenced under the statutory provisions of the ACCA but instead argues for the extension of Johnson to his sentence that was imposed under a provision of the advisory sentencing Guidelines. (See generally doc. no. 1.)

## II. DISCUSSION

### A. Petitioner Is Not Entitled to Relief Under Johnson.

As set forth above, Petitioner was sentenced as a career offender under § 4B1.1 of the advisory sentencing guidelines due to two prior convictions for aggravated assault. PSI ¶ 32. Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015).[1] This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause, Johnson is inapplicable and does not reset Petitioner's one-year statute of limitations.

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

---

[1] The Eleventh Circuit's holding that Johnson does not apply to the residual clause of the career offender enhancement under § 4B1.2 of the Sentencing Guidelines is currently under review by the Supreme Court. See Beckles v. United States, No. 15-8544, 2016 WL 1029080, at *1 (U.S. June 27, 2016).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of July, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA